# J. F. Carmichael, Appellant, *v.* Browder's Adm'rs.

A mere statement by a clerk, that certain papers were read in evidence, or a reference to papers as a part of the bill of exceptions, will not constitute them a portion of the record.

Where the plaintiff, suing as administrator, had leave to amend his declaration, and changed his demand from a general right to the property, as an administrator, to a claim for personal property specially acquired by his intestate, after his marriage, and during coverture, it was held a substantial amendment.

Where a verdict on an issue, which presents a negative pregnant, shows for which party judgment ought to be rendered, the error is cured by the statute of Jeofails.

APPEAL from the circuit court for the county of Wilkinson.

F. A. Browder married Mrs. Hook, who was in possession of a considerable estate. A marriage contract was made to secure this property to the wife and her heirs. She died before Browder, who administered. He afterwards died, and Wood, the plaintiff below, administered on his estate, and brought this action against the appellant, who had administered on Mrs. Browder's estate, to recover certain personal property under the marriage contract. The case went off on points of practice, which are sufficiently stated in the opinion of the court.

Winchester, for the plaintiff in error.

Henderson, *contra.*

Mr. Justice SMITH delivered the opinion of the court.

The Administrator of F. A. Browder, deceased, brought his action of trover against the appellant, in the circuit court of Wilkinson county. Issue having been taken upon the allegations of the declaration; the jury to whom the issue was submitted, returned a verdict for the defendant; whereupon the plaintiff moved the court for a new trial, which was granted. To the opinion of the court upon the motion for a new trial, defendant's counsel ex-

cepted, and his bill of exceptions was made a part of the record. The plaintiff then asked and obtained leave to file an amended declaration; to the filing of which when tendered, an objection was made, upon the alleged ground that there was no material difference between the amended and original declaration on file. Issue having been joined by the parties, and the cause submitted to the jury, certain evidence was tendered on the part of the defendant, which was ruled out by the court; to which decision of the court upon the contingency of the offered evidence, there was an exception taken at the trial.

The questions which present themselves, and require the adjudication of this court, arise in the progress of the cause as above detailed, and will be considered in the order in which they stand, to wit:

1. Did the court below err in setting aside the verdict for the defendant, and granting a new trial?

The evidence adduced on the trial in support of plaintiff's ground of action, is embraced in the bill of exceptions to the opinion of the court, and a portion of that upon which the defendant had rested his defence, appears also of record. It is stated in the bill of exceptions "that the marriage contract and the will of Butler, found among the papers of the suit, marked A. and B. were read in evidence by the defendant." It is inferrible from the arguments at bar, and a subsequent part of this bill of exceptions, that the decision of the court upon the motion for a new trial, was controlled by the legal construction given by the court to the marriage contract between Browder and his wife : but we are precluded from an examination of the correctness of the judgment in reference to this contract, as it constitutes no part of the record. We are not to be understood as deciding that an instrument of writing can in no case, by reference, be made a part of the bill of exceptions; but in this instance we are clear that the reference in the bill of exceptions to the contract and will is not sufficiently definite and distinctive in its description to make it absolutely certain what contract or what will is intended to be referred to. The law evidently intends that nothing through the medium of a bill of exceptions, shall become a part of the record, unless its verity shall be established by the signature and seal of

the presiding judge.  In the case before us there is not even the certificate of the clerk establishing the identity of the contract and the will; even if a mere certificate could be held as sufficient for this purpose.  It is the judge alone whose decision has been pronounced upon the facts embraced in the bill of· exceptions, who is supposed to know precisely what they were, and who therefore ought alone to be competent to certify them.  To this effect is to be regarded the decision of the court in the case of Dunlop *v.* Monroe, 7 *Cranch,* 242, where, according to the reference in Coxe's Digest, it was decided, that every bill of exceptions must be regarded as presenting a distinct substantive case; and that it is on the evidence stated, in itself alone, that the court is to decide. The decision of this court, then, must be given in reference to the evidence stated in the bill of exceptions; which establishes a right of recovery in the plaintiff below.  The verdict was therefore contrary to law and evidence, and no error exists ˙in the judgment setting it aside and granting a new trial.

2.  Did the court err in permitting the plaintiff to file his amended declaration?

The right of the party to amend his declaration was not contested by the opposite counsel; but it is maintained that the amended declaration was the same in substance as the original.   To this objection it is a sufficient answer, that the plaintiff in his amended declaration changes his ˙demand from a general right to the property sued for, as the administrator of Browder, to a claim for personal property, specially acquired by his intestate in the state of Mississippi, after his marriage with Harriet A. Hook, and during the continuance of the coverture.

3.  The third assignment of errors sets out, that one of the issues upon which the jury found, was an immaterial issue.

The first plea contains the following averment, to wit: "that the property mentioned in the declaration was not acquired by the said plaintiff in his life time, within the state of Mississippi, after his marriage with one Harriet Hook, since deceased, and during the subsistence of the coverture, &c. without this that they are guilty of the trover and conversion, &c." This plea contains a negative pregnant, upon which issue was taken, and found with the other issue in favor of the plaintiff.

By the statute 32 Hen. VIII. ch. 30, an issue joined on a negative pregnant, is aided by the verdict for either of the parties. 2 Saund. 319, (*n. b.*) and where the finding shows for which party judgment ought to be given, it is aided by the common law, (see 3 Black. Com. 395,) and cured by our statute of Jeofails. (Rev. Code, p. 124, sec. 91.) It may be regarded as a general rule, that a verdict for the party who tenders the issue by a negative pregnant, will not show for which party judgment ought to be given; whereas, a verdict for the party to whom the issue is tendered, will generally show that he is entitled to judgment. The issue was tendered by the appellant, and the verdict being against him, the court was correct in pronouncing judgment for the plaintiff below.

4. Is there error in the decision of the court in ruling out the defendant's evidence of title to the property in dispute?

The bill of exceptions taken to this decision recites, that the defendant offered, as administrator of Ann Browder, deceased, the following will and marriage contract, in evidence as the foundation of his title, as administrator as aforesaid, to the property in the declaration mentioned; but it does not embrace and set out the will or contract further than by a reference to them, which reference was evidently not made by the counsel who tendered the bill of exceptions, but by the clerk who transcribed the record. The remarks made upon the first point, apply with equal force here, and need not be repeated. The record not presenting the evidence, upon the competency of which the court below decided, we are bound to presume that it decided correctly.

Judgment affirmed.